IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD SIMMONS, | No. 2:13-CV-0588-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| SUPERIOR COURT SACRAMENTO COUNTY, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

1  This means that claims must be stated simply, concisely, and directly. See <u>McHenry v. Renne</u>,
2  84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied
3  if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon
4  which it rests.  See <u>Kimes v. Stone</u>, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must
5  allege with at least some degree of particularity overt acts by specific defendants which support
6  the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is
7  impossible for the court to conduct the screening required by law when the allegations are vague
8  and conclusory.

9        In this § 1983 civil rights case, plaintiff claims: "Sacramento County Jail as been
10  hold in jail with no evidences at all."  From this is appears that plaintiff is challenging the fact of
11  his pre-trial detention.  Remedies lie under § 1983 only where the prisoner challenges the
12  conditions of his confinement. See <u>Rizzo v. Dawson</u>, 778 F.2d 527, 531-32 (9th Cir. 1985).
13  Because such does not to appear to be the case here, it also appears that plaintiff cannot state a
14  claim for relief under § 1983.

15        Because it does not appear possible that the deficiencies identified herein can be
16  cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of
17  the entire action. See <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).
18  Plaintiff shall show cause in writing, within 30 days of the date of this order, why this action
19  should not be dismissed for failure to state a claim.  Plaintiff is warned that failure to respond to
20  this order may result in dismissal of the action for the reasons outlined above, as well as for
21  failure to prosecute and comply with court rules and orders.  <u>See</u> Local Rule 110.
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /

IT IS SO ORDERED.

DATED: July 29, 2013

```
                                          _____
                                          CRAIG M. KELLISON
                                          UNITED STATES MAGISTRATE JUDGE
```

3